IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-00015-D

**Toni Wiggins**,

    Plaintiff,

v.

**Speedway LLC**,

    Defendant.

**Order**

    Defendant Speedway LLC claims that some of Plaintiff Toni Wiggins's responses to its Requests for Admission do not comply with the federal rules. It maintains that when Wiggins responded by admitting a request in part and denying it in part, she needed to specify the portion she was admitting. The company asked the court to deem the requests admitted because of the response's shortcomings.

    After Speedway filed its motion, Wiggins served amended responses to the requests for admission that cured the defects of her original responses. But Speedway still maintains that the court should deem the requests admitted. Wiggins argues that the amended responses render the dispute moot.

    Rule 36 of the Federal Rules allow parties to serve requests that call on the responding party to admit or deny issues of law or fact or the genuineness of documents. Fed. R. Civ. P. 36(a)(1). In response, a party may admit the matter, deny it, or specify in detail why they cannot admit it or deny it. *Id.* 36(a)(4).

    But not every response to a request for admission falls neatly into one of those categories. At times, the responding party may need to admit part of an admission and deny the rest. A

responding party may also need to qualify its answer. When those circumstances arise, the answering party "must specify the part admitted and qualify or deny the rest." *Id.*

Parties may disagree over whether a response complies with the federal rules. In that case, the requesting party may ask the court "to determine the sufficiency of an answer[.]" *Id.* 36(a)(6). If the court finds "that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." *Id.*

Speedway argues that Wiggins's replies to some of its request do not comply with Rule 36. The responses at issue state that the request is "admitted in part and denied in part" without further elaboration. Resp. to Req. for Admission 5, 6, 11, 13, 14, D.E. 20–3.

Rule 36 requires more than this. Wiggins should have specified which portion of each request she was admitting and either denied or qualified her response to the remainder.

Unlike her original responses, Wiggins's amended responses are detailed enough to meet Rule 36's requirements. Yet there is still the question of whether the court should deem the requests admitted because of her initial inadequate response.

Rule 36 gives the court discretion to either deem the requests admitted or order the responding party to amend its responses. Fed. R. Civ. P. 36(a)(6). As Wiggins has amended her responses to comply with the rule and there has been no prejudice to Speedway because of the delay, the court will not deem the requests admitted. Instead, it will allow Wiggins to rely on the amended responses.

The parties also disagree over the best way for Wiggins to produce her medical records. Speedway asked the court to require Wiggins to execute waivers allowing it to obtain her medical and mental health records. Wiggins claimed that there was no requirement that she sign a waiver

2

and that she could obtain and produce the records herself. During the hearing on this matter, the parties agreed that Wiggins would execute waivers allowing Speedway to obtain these records:

- Wiggins's medical records from one year before her termination from Speedway until September 11, 2020, and
- Wiggins's mental health records from September 2015 until September 11, 2020.

Wiggins shall execute these waivers within 14 days from the date of entry of this order.

After resolving the parties' dispute, the only issue left for the court is whether to award Speedway the expenses it incurred by filing its motion. The federal rules require the court to do so if the responding party turns over the requested discovery after the requesting party files a motion to get it. Fed. R. Civ. P. 37(a)(5)(A).[1] The only exceptions to this mandatory rule are if the moving party did not make a good-faith effort to obtain the discovery before filing a motion, the non-moving party's position was substantially justified, or an award would be unjust. *Id.*

Wiggins provided the requested discovery after Speedway filed its motion, so the only question is whether she has satisfied one of the rule's exceptions. The court has reviewed the Wiggins's arguments, and finds that none of the exceptions apply. Wiggins's responses to the requests for admissions ignored the clear language of Rule 36. And the medical records issue only required a brief discussion between counsel to resolve. The record reflects that Wiggins's counsel did not respond to requests from Speedway's counsel to try to address this issue without court intervention. Here, the court cannot conclude that Wiggins's position was substantially justified or that an award of fees would be unjust.

---

[1] This provision applies to motions related to requests for admission. Fed. R. Civ. P. 36(a)(6).

3

Thus, the court grants Speedway's motion as discussed above. Wiggins shall sign the waivers agreed on during the evidentiary hearing within 14 days from the date of entry of this order.

The court also orders that within 14 days after entry of this order, the parties will meet and confer in an attempt to agree upon the expenses and attorneys' fees that Speedway should recover for its attorney's work on this motion. If the parties cannot agree, Speedway will file an accounting of its attorneys' fees and costs incurred in pursuing the motion to compel no later than 21 days after entry of this order. Speedway may also submit a supporting memorandum of no more than 10 pages with its request. Wiggins may file a response of no more than 10 pages within 14 days after Speedway files its memorandum.

Dated: September 21, 2020

_____
Robert T. Numbers, II
United States Magistrate Judge